NEW YORK COUNTY.— HON D. C. CALVIN, SURROGATE.—
December, 1877.

## TOWNSEND *v.* UNITED STATES TRUST CO.

*In the matter of the estate of* JOHN R. TOWNSEND, *deceased.*

Under a trust created by will which directed a specified sum to be invested in one of three named classes of bonds, and "the interest, income or dividends" arising therefrom, to be paid to the *cestui que trust* during his life, the investment was made in one of the forms specified, and at the expiration of the term of the loan the trustee sold the bonds at a profit over the purchase price. *Held* that the *cestui que trust* was not entitled to receive the principal sum of such profits, but only interest upon the same.

THE petition set forth the probate of the will, and stated that the petitioners, Thomas S. Townsend, John D. Townsend, and Joseph L. Townsend, are sons of the testator, and that they are each entitled under said will to the interest, income and dividends upon the sum of five thousand dollars, directed in and by said will to be invested on bond and mortgage, or in the stocks of the United States, or of this State, at the discretion of his executors; that the trustee, Samuel T. Skidmore, did invest the several sums of five thousand dollars for each of said sons in United States stock of 1856; that in the year 1856, when said stock became due and payable, the said trustee sold the same and realized therefor the sum of $5,400 upon each of said three trust funds of $5,000, and that he thereupon invested from the proceeds thereof three several sums of five thousand dollars in United States six per cent. stock, commonly known as currency

sixes, and paid therefor the sum of four thousand nine hundred and sixty-two and one-half dollars; that the said trustee, on the 3rd day of April, 1877, resigned his said several trusts, and the United States Trust Company was duly appointed successor to said several trusts by an order of the Surrogate of the County of New York, and that said trustee transferred and paid over to his said successor as follows, to wit: For each of the petitioners, $5,000 of

| | | | | | |
|---|---|---|---|---|---|
| United States six per cent. stock — certificate No. 470 | . | | . | . | $5,000 00 |
| Cash on deposit, &c. | . | . | . | . | 437 50 |
| | | | | | $5,437 50 |

It is further stated in said petition that the last-mentioned certificates of stock had a market value in excess of the $5,000, for which they severally are a certificate of indebtedness.

The petitioners prayed that the said United States Trust Company might be directed to pay over said six several sums of $400 and $37.50, respectively, less any proper charges said company might have against the same, to the said petitioners, that is to say, the sum of $437.50 to each of them.

The United States Trust Company opposed the granting of the petition, but did not take issue on any of the allegations of the petition.

JOHN W. WEED, *for the petitioner.*

W. A. W. STEWART, *for the trustee.*

THE SURROGATE.—It must be taken for granted that the statements contained in the petition are true. The question therefore for consideration is, are the

petitioners entitled, under the will of their father, to the said several sums of $437.50, above mentioned?

The testator's will creates three several trusts in favor of his three sons, respectively; the said trusts are precisely alike in their terms and provisions. The sum of $5,000 is given to his executors in trust, to invest the same on bond and mortgage, or in stocks of the United States, or of this State, at their discretion, and upon the further trust to pay the *interest, income or dividends* to his said son (naming him) during his natural life, that is to say, into his own hands and upon his personal receipt, so that he shall not sell, mortgage, charge or otherwise dispose of the same, in the way of anticipation. Upon his death the trusts are to cease, and the said $5,000 are given to such person or persons as he shall by his last will and testament direct and appoint, and in default of such direction and appointment, then and in such case to his issue, &c.

Under the terms and condition of the said trusts, the trustee is only authorized and directed to pay to *cestuis-que-trust* " *the interest, income or dividends* " arising therefrom. When therefore the principal fund has been enhanced in value, and a sale of the securities produces a larger fund than originally invested therein, the question is, can the overplus received by the trustee be regarded either as " *interest, income or dividends?* " and become due and payable to the *cestuis-que-trust*.

The counsel for the petitioners cites a number of decisions, which he claims bears upon the questions involved in this application, but they are mostly cases

where dividends have been declared as such, or profits realized from the use of the capital or principal fund. None of the cases adjudge that the life tenant is entitled to the increased value of the principal of the trust fund, with the income thereof.

When the trustee in this case invested in national securities, it remained the same capital fund, although it increased in market value, and in no point of view, it seems to me, could such increase be adjudged to be " *interest, income or dividends,*" which presupposes the profits realized from the use of the trust funds.

If these national securities had depreciated, so as to fall below the par value thereof, should or could the life tenant be chargeable with their depreciation, and be required to make good any such loss?

If the life tenant cannot be charged with such depreciation, it seems to me that the converse of said proposition is also true, that he cannot receive the increase of the capital fund.

The general rule seems to be that the enhanced value of the principal of the trust fund goes to the remainderman; for instance, the enhanced price for which stocks sell, by reason of dividends earned but not declared, belongs to the remainderman, and not to the life tenant. (Clarkson *v.* Clarkson, 18 *Barb.*, 646; Simpson *v.* Moore, 30 *Barb.*, 638; Cogswell *v.* Cogswell, 2 *Edw.*, 240.)

The decisions in our courts upon this subject are rather meagre, and can scarcely be said to definitely dispose of the question arising in this matter.

In the last case above cited it is held, that where the value of lots held in trust have increased in annual

value, in consequence of their becoming more eligible as sites for warehouses, the life tenants are entitled to the increased rents, but it is not intimated that they are entitled to anything more in consequence of the increased value of the lots themselves, but only to the increased rents therefrom, which are incident to the increased value of the lands.

The will gives to the life tenant only the interest, income and dividends arising from the trust funds, and I am clearly of the opinion that the increased amount at which the securities were sold by the late trustee, over and above the said principal sum of $5000, originally invested therein by him, is neither interest, income or dividends arising therefrom, but only an enhancement of the value of said securities themselves, and an increase of the capital of the said trust fund only, and that the petitioners are entitled to the interest and income received by the United States Trust Company upon the certificates above mentioned, and also upon the $437.50, but that they are not entitled to have said trust company pay over to them the said several sums of $437.50, for the reason that I must regard them as a part of the increased capital of the several trust funds.

I do not consider it necessary, at this time, to determine what will ultimately become of that part of said trust funds last above referred to, because it can have no bearing upon this application, if I am right in the views above expressed, that the same do not belong to the petitioners herein.

The application must be denied.