SCOVEL *v.* ROOSEVELT.

NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
February, 1881.

## SCOVEL *v.* ROOSEVELT.

*In the matter of the accounting of* JAMES A. ROOSE-
VELT, *surviving trustee under the last will of* JAMES
I. ROOSEVELT, *deceased.*

The testator, by his will, divided his residuary estate among his children,
directing his executors, as trustees, to invest, in their own names, each
child's share, and to receive the interest and income of each share, for
the use of the children, respectively, during life, with remainders over.
Under an offer of the United States government, to give its four per
cent. bonds in exchange for an equal amount of outstanding six per
cents., known as five-twenties, and pay accrued interest, together with
three months' additional interest on the latter, the surviving trustee
exchanged five-twenties, trust funds, and credited the accrued and ad-
ditional interest thereon to income, and three months' interest on the
four per cents. received in exchange, to capital account. The life
tenants claimed the double interest for the three months after the ex-
change. *Held,* that the trustee's account was right in substance, but
wrong in form, and that,

1. The accrued interest on the five-twenties, and all interest on the four
   per cents., belonged to the life tenants.
2. That one-third of the three months' additional interest on the five-twen-
   ties enured to the life tenants as an equivalent for the abatement of
   income, and the residue belonged to the remainder-men, as an accre-
   tion to the capital.*

Testamentary trustees, charged with the duty of investment, have the right
to change the investment, when the best interests of the beneficiaries
seem to demand it, but are bound to exercise good faith and justice
towards both life tenants and remainder-men.

As between these classes of claimants, anything in the nature of premium,
that is, any appreciation in the value of capital, is to be regarded as
principal, and all interest, income or proceeds, however extraordinary
or unusual, belong to the life tenant.

THIS was a hearing of objections, filed by Marcia O.

---

* Compare Farwell *v.* Tweddle, 10 *Abb. N. C.,* 94.

R. Scovel and Frederick Roosevelt, children and beneficiaries under the will of decedent, to the account rendered by the surviving trustee under said will, on his second annual accounting.

The facts, as agreed upon, were that the testator, by his will, gave to his executors, and the survivors and survivor of them, all of his residuary estate in trust, to divide the same into as many shares of equal value as he might have children living at his decease, and to set apart one of such shares for each child, to be invested in the names of his said executors as trustees for each child respectively, and upon the further trust, to receive the interest and income of each share, and apply the same to the use of such child during his or her natural life, with remainders over.

The United States Government, in order to facilitate the refunding of its five-twenty bonds, having offered to exchange its four per centum bonds for an equal amount of any of its outstanding and uncalled six per centum five-twenty bonds, and to pay in addition thereto, to the holders of the latter, the accrued interest, and additional interest for a period of three months, the said trustee availed himself of this offer, surrendered the six per cent. bonds held by him for each of said trusts, and received in exchange therefor an equal amount of the four per cent. bonds, and at the time of such surrender, also received the accrued interest on said six per cent. bonds, and the additional three months' interest, not then due thereon, in accordance with the offer of the United States Government, and carried the accrued interest and additional interest to the credit of the income account of the two trusts ; and when he received the interest, as the same

became due and payable, upon the four per centum bonds, he carried the three months' interest, which had accrued due immediately after the exchange, to the credit of the capital account of the trusts.

The contestants, life tenants under the trusts created by the will, claimed the three months' interest on the four per centum bonds, in addition to the interest on the five-twenties given in exchange therefor, carried to the credit of their income account for the same period.

BARTLETT & WILSON, *for contestants.*

DE WITT, LOCKMAN & KIP, *for trustee.*

THE SURROGATE.—The only question to be considered, under the objections filed herein, seems to be whether the two life tenants are respectively entitled to the three months' additional interest upon the five-twenty bonds, from the date of the exchange, and allowed to the trustee under the offer of the United States Government, and also to the interest received by the trustee upon the four per centum consols for the same period of time, and if not so entitled, then to how much and what parts thereof.

Under the terms and conditions of the will, the trustee is authorized and directed " to receive the interest and income of each share, and apply the same to the use of such child during his or her natural life." Each of the contestants herein is, therefore, severally entitled to the *interest and income* of his or her share, and to no more, the capital of each of said trust funds being required to be kept intact for the remainder-men. If the three months' additional interest, received by the trustee upon the five-twenty U. S. bonds, after their exchange into the four

per centum U. S. consols, was in reality interest upon the first mentioned bonds, then these beneficiaries are entitled to be credited therewith ; but was the amount thus received by him, in fact, such interest or income ?

Interest is defined to be compensation for the use of money, and income is gain from invested property. Now it is very evident that the so called three months' additional interest, received upon the U. S. five-twenty bonds after they were surrendered and refunded, cannot in any proper sense of the term be denominated interest or income, as being compensation for the use of money, or gain from invested property, for the reason that said bonds had lost their identity and were merged into another security bearing another and different rate of interest ; otherwise it would be true that for the three months indicated, the beneficiaries herein would be entitled to double interest upon the same funds, viz., six per centum upon the five-twenty bonds and four per centum upon the four per centum consols, making in all ten per centum upon the trust funds, for the same period of time ; whereas there was but the one investment in four per centum consols, after the surrender and refunding of the five-twenty bonds.

From all the facts, I am forced to the conclusion that the amount received by the trustee upon the five-twenty bonds, and denominated, in the circular of the U. S. treasurer, three months' additional interest thereon, was not either interest or income, but merely a bonus offered by the U. S. government to the holders of said five-twenty bonds, as an inducement for them to refund the same in the four per centum consols. But the amount of bonus was presumably controlled by the time the five-

twenties had to run, and the rate of interest they bore, and hence it seems to me that but four of the six per centum can be regarded as a bonus paid on account of the capital, and the additional two per centum as consideration for the reduced rate of interest, and that such two per centum, and the four per centum payable by the new consols, stands in the place of the six per centum, to which the life tenant would have been entitled if no exchange had been made.

This view, while it does not change the figures of the account, seems to me to recognize the right of the trustee to change investments, whenever the best interests of the beneficiaries seem to demand it, and yet holds him to good faith and justice to both life tenant and remainder-men. It cannot be said that the trustee would not have been justified in making such exchange, with reference to a more permanent investment, without any bonus, or that it would have done injustice to the life tenant; but as he has received such bonus, and a part thereof was the emanation of the interest which could have been received at the end of the three months, upon well settled rules of equity the life tenant should, in my opinion, participate therein.

In Townsend *v.* U. S. Trust Co. (3 *Redf.*, 220), where a testator gave $5,000 in trust to his executors, to invest the same and pay the interest, income or dividends arising therefrom to his son during his life, and the executor had invested the same in government securities, which had increased in value, and the sale thereof had produced a larger fund than originally invested therein, I decided that such increased value could not be adjudged to be interest, income or dividends, which pre-

suppose profits realized from the use of the trust funds, but that the said increased value belonged to the remainder-man, inasmuch as it was an enhancement of the value of the security.

Where an extraordinary dividend was declared upon certain stock, included in the share of the testator's estate, bequeathed to his two daughters for life, with remainders over, Mr. Justice JAMES, in delivering the opinion of the court, decided that, from the terms of the will it was clear that the testator intended that all the gains, profits, income and proceeds of said two shares of his estate, of *whatsoever kind, name or nature*, should go to his said daughters as tenants in common for life, and that, by the terms of the will, the daughters were entitled to the extraordinary dividend, as in the very nature of things, dividends arising from stock investments must be fluctuating in amount, depending upon a variety of contingencies, which no wisdom could foresee or financial skill control ; but in the same case, it was also held that the bonds of the Central Railroad Company, given to the trustees as the difference between the value of the stock of the old railroad companies and that of the new company, was neither interest, dividends nor proceeds, and should therefore be regarded as capital (Clarkson v. Clarkson, 18 *Barb.*, 646).

This case is referred to by the counsel for both parties, as having some bearing upon the questions at issue in the matter now under consideration ; by the counsel for the contestants, because the extraordinary dividend therein referred to was held to belong to the life tenants ; and by the counsel for the trustee, because the same case holds that the terms of the will should govern as to

the disposition of said dividend, and also for the reason that it holds that the difference in value between the old and new stock was an accretion of the capital of the estate, and consequently belonged to the remainder-men.

It is very clear that the amount received by the trustee herein, was in no proper sense of the term a dividend, either ordinary or extraordinary, upon the five-twenty bonds, and consequently the case last cited, so far as it adjudicates upon the question of the proper application of dividends upon stock, does not determine the issue herein, but it may, and doubtless does, have a bearing upon the question as to the intent of the testator, and also as to what may be regarded as an accretion of the capital of the estate.

The following cases are cited in the brief of contestants' counsel, viz.:—Norris *v.* Harrison (2 *Madd.*, 279) ; Price *v.* Anderson (15 *Sim.*, 473) ; Bates *v.* Mackinley (31 *Beav.*, 280) ; Johnson *v.* Johnson (5 *Eng. Law & Eq.*, 164) ; Murray *v.* Glasse (17 *Jur.*, 816) ; Cuming *v.* Boswell (2 *Jur.* [*N. S.*], 1005) ; Clive *v.* Clive (*Kay*, 600) ; Ware *v.* M'Candlish (11 *Leigh*, 595) ; Lord *v.* Brooks (52 *N. H.*, 77) ; Earp's Appeal (28 *Penn.*, 368) ; 2 *Perry on Trusts*, §§ 544, 545. I have examined nearly all of the above cases, and find that the decisions therein substantially turn upon the question of the proper disposition of extraordinary dividends upon stock, and although there appears to be some diversity in those decisions, yet I concur, in the main, with the conclusion to which the counsel for the contestants has arrived, that the outlook of all the cases seems to be that, disregarding forms, the court will treat anything in the nature of premium, that is to say, an appreciation in the value of

the capital, as capital, and anything that is interest, income or proceeds, no matter how extraordinary or unusual it may be, as belonging to the life tenant.

But I fail to see how the said cases can govern the decision of the question now under consideration, for the reason above stated, that the so called three months' additional interest, received by the trustee upon the five-twenty bonds after they were surrendered and refunded under the circumstances above stated, cannot, in any proper sense of the term, be denominated a dividend, ordinary or extraordinary.

I am therefore of the opinion that contestants are entitled to be credited with the accrued interest, at the time the said five-twenty U. S. bonds were refunded into the four per centum U. S. consols, and also with all the interest upon the said consols after the date of such refunding; and that the so called three months' additional interest, allowed upon the said five-twenty U. S. bonds upon their surrender, should be credited, four per centum thereof to capital as aforesaid, and two per centum thereof to income as aforesaid, and that the decree to be entered herein should so provide.

Decreed accordingly.